**McGRAW–HILL BROADCASTING COMPANY, INC., Plaintiff,**

v.

**MGM/UA ENTERTAINMENT COMPANY, Defendant.**

**No. 82 Civ. 2523 (JES).**

United States District Court,
S. D. New York.

April 26, 1982.

Wachtell, Lipton, Rosen & Katz, New York City, (Herbert M. Wachtell, Marc H. Rosenbaum, Theodore N. Mirvis and Eric M. Roth, New York City, of counsel), for plaintiff.

Shea & Gould, New York City (Martin I. Shelton, Dean G. Yuzek and Yee Wah Chin, New York City, of counsel), for defendant.

SPRIZZO, District Judge.

Plaintiff McGraw-Hill Broadcasting Company, Inc. seeks a preliminary injunction against defendant MGM/UA Entertainment Company to prevent the showing of a television series, *i.e.* the "Chips" series. Plaintiff alleges that the licensing by MGM to NBC for a network showing of the aforesaid series constitutes a clear breach of plaintiff's contract with MGM, pursuant to which MGM licensed plaintiff to show the same programs on an exclusive basis commencing in September 1982. The showings by NBC are scheduled to commence on Monday, April 26, 1982.

The standard in this circuit for determining whether the preliminary injunction should issue is as follows:

> The movant must make a showing of possible irreparable injury *and* either (1) probable success on the merits *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tip-

ping decidedly toward the party requesting the preliminary relief. *Caulfield v. Board of Education*, 583 F.2d 605, 610 (2d Cir. 1978) (emphasis in original).

Plaintiff contends that the language of its contract is clear, that it has therefore demonstrated a probability of success, and that the Court need not even consider the question of whether the balance of hardship tips decidedly in plaintiff's favor. However, defendant contends that plaintiff purchased its right to show the aforesaid television series on a syndicated basis, whereas NBC obtained a license for a network showing. According to defendant, industry practice does not preclude such network showing even in face of a contract, such as plaintiff's, which provides for an exclusive first run showing. In support of its argument, defendant refers to the affidavit of plaintiff's counsel in support of the application for a preliminary injunction which states that plaintiff's purchase was made on a syndicated basis. In view of this circumstance, the Court is not persuaded that plaintiff has demonstrated such probability of success on the merits as would obviate the need for the Court to consider the further question of whether or not the balance of hardship tips decidedly in plaintiff's favor.

Furthermore, plaintiff's allegations of irreparable injury are likewise far from clear. Although plaintiff alleges that it will suffer irreparable injury [*] if it is deprived of the ability to show the television series on a first run basis in its geographical areas, plaintiff, when advised of defendant's license to NBC, sought rescission of its contract and the return of its purchase price. Given that circumstance it is at least arguable that rescission is an adequate remedy for plaintiff's alleged injury.

In any event, even assuming arguendo that plaintiff has established irreparable injury, the very same argument which supports plaintiff's claim of irreparable injury would also demonstrate that NBC would suffer a similar injury if this injunction

---

[*] The plaintiff's claim for irreparable injury is largely based on the circumstance that the fi-nancial damages it will suffer cannot now or ever be precisely ascertained.

were granted. Therefore, certainly with respect to NBC, the entity which would be most directly affected by the issuance of an injunction, the Court does not find that the balance of hardship tips decidedly in plaintiff's favor.

Plaintiff argues that its injury should be of paramount concern since it purchased its contract rights earlier. While that circumstance is entitled to some weight, it is not in itself dispositive. That is especially true where as here plaintiff does not allege that NBC knew of plaintiff's rights when it entered into its contract with NBC and where NBC has in a sworn affidavit denied any knowledge of plaintiff's claims at that time. See paragraph 4 of the affidavit of Raymond Timothy appended to defendant's affidavit in opposition to plaintiff's motion for a preliminary injunction. Moreover, plaintiff acknowledges that NBC was not told by plaintiff of its intention to seek a preliminary injunction, although plaintiff has been aware of MGM's contract with NBC at least since March 30, 1982.

The Court finds that the hardship that NBC would suffer in attempting to reschedule its programing on the very date when those programs are about to commence, see affidavit of Raymond Timothy appended to defendant's affidavit in opposition to plaintiff's motion for a preliminary injunction, is certainly as significant as that which would accrue to plaintiff from the denial of the injunction. *See Joneil Fifth Avenue Ltd. v. Ebeling & Reuss Co.*, 458 F.Supp. 1197, 1201–02 (S.D.N.Y.1978); *see also Warner Brothers, Inc. v. American Broadcasting Companies, Inc.*, 523 F.Supp. 611, 619 (S.D. N.Y.), *aff'd*, 654 F.2d 204 (2d Cir. 1981). Therefore, taking into consideration all of the facts and circumstances of this case, this Court concludes that plaintiff's application for a preliminary injunction should be denied. In the event that plaintiff does not seek appellate review of this Order, the Court will schedule an expedited trial of plaintiff's rescission claim in accordance with the following schedule:

(1) all parties shall complete all discovery on or before May 24, 1982;

(2) a Pre-Trial Order shall be prepared in accordance with the Court's directions and shall be filed on or before June 1, 1982; and

(3) the parties shall be ready for trial of the above-captioned action on June 14, 1982 and that thereafter counsel for all parties shall be prepared to proceed to trial on forty-eight hours notice by the Court.